Stephen Quesenberry (Utah SBA #8073)
STEPHEN QUESENBERRY, LLC
197 East 100 North, Suite A
Payson, UT 84651
801-885-2872
steve@kittsgroup.com
*Pro Hac Vice* application pending

Robert C. Bulloch (WSBA #54787)
STONE & BULLOCH, P.S.
540 Guard Street, Suite 250
P.O. Box 623
Friday Harbor, WA 98250
360-378-6778
866-309-2611 Fax
robert@stonebulloch.com

*Attorneys for Relator*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. BRYAN QUESENBERRY,<br><br>    Plaintiff,<br>vs.<br><br>AAA KARTAK, CO; BKCO, INC.; BRADLEY P. MCPHEE DDS, PLLC; BUCHANAN AUTOMATION, INC.; CLEARCREEK CONTRACTORS, INC.; CONTINUANT TECH, INC.; CORPORATION OF THE CATHOLIC ARCHBISHOP OF SEATTLE; EL BORRACHO, INC.; EXPERIENCE US, LLC; FANACO FASTENERS, LLC; MADISON HOTEL, LLC; MANAGEMENT INFORMATION TOOLS, INC.; MARK EARLY LEARNING CENTERS, LLC; OLYMPIC COLOR ROD CORP.; PACIFIC COAST RENOVATIONS, LLC; REALOGICS BROKERAGE, LLC; SOUTH SOUND FONDUE, LLC; TEM EXPRESS LOGISTICS, LLC; WILDFIN | **COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT**<br><br>**(Filed in camera and under seal)**<br>**(DO NOT PLACE ON PACER)**<br><br>**JURY TRIAL DEMANDED**<br><br><br><br><br><br><br><br><br><br><br><br>Case No. |

| | |
|---|---|
| NORTHWEST, LLC; WITHINREACH; ELOCHOMAN MILLWORK, INC.; JAMES E. SYPHER, LLC; UNITED SALES NW, LLC and WEBLOOK, LLC,<br><br>Defendants. | Judge |

Plaintiff-Relator Bryan Quesenberry, through counsel, on behalf of the United States of America (the "Government" or the "Federal Government") and against the above-named Defendants, alleges based upon personal knowledge, relevant documents, information, and belief, as follows.

## INTRODUCTION

1. This is an action to recover damages and civil penalties on behalf of the United States of America arising from false and/or fraudulent records, statements, and claims made and caused to be made by Defendants and/or their agents and employees, in violation of the federal False Claims Act, 31 U.S.C. §§ 3729, *et seq*. **("the FCA")**.

2. This action seeks to recover millions of federal dollars wrongfully loaned to Defendants through the Federal Government's Payroll Protection Program **("PPP")**. The PPP provides a pathway to borrowers for forgiveness of these loans.

3. Pursuant to the PPP, the Federal Government has spent billions of dollars in stimulus funding, as well as other federal funding, to support and aid legitimate businesses through the coronavirus pandemic.

4. This action alleges that certain Defendants applied multiple times for PPP funds and received PPP funds multiple times despite the PPP application and rules prohibiting applicants from receiving PPP funds more than once.

5. This action also alleges that certain Defendants falsely represented to the Federal Government that they were operating on or before February 15, 2020, while concealing the true

time of formation and status of their business operations. Said false representations violated material conditions of the PPP and resulted in financial stimulus aid sent to Defendants that should have gone to other entities properly entitled to said funds, and that may be forgiven under the PPP.

6. The FCA was enacted during the Civil War, and was substantially amended in 1986, and again in 2009 and 2010. Congress amended the FCA in 1986 to enhance the Federal Government's ability to recover losses sustained as a result of fraud against the United States after finding that fraud in federal programs was pervasive and that the FCA, which Congress characterized as a primary tool for combating government fraud, was in need of modernization. The amendments create incentives for individuals to come forward with information about fraud against the Federal Government without fear of reprisals or inaction, and enable the use of private legal resources to prosecute fraud claims on the Federal Government's behalf.

7. The FCA prohibits, *inter alia*: (1) knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval; and (2) knowingly making or using, or causing to be made or used, a false or fraudulent record or statement material to a false or fraudulent claim. 31 U.S.C. §§ 3729(a)(1)(A), (B). Any person who violates the FCA is liable for a civil penalty of up to $11,000 for each such claim, **plus three times the amount of the damages** sustained by the Government. 31 U.S.C. § 3729(a)(1)(A) (as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 [28 U.S.C. § 2461 note; Public Law 104-410]).

8. In 2009, Congress amended the FCA to clarify that a "claim" includes "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property that (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other

recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest…" 31 U.S.C. § 3729(b)(2).

9. The FCA allows any person having information about an FCA violation to bring an action for himself and the Federal Government, and to share in any recovery. The FCA requires that the complaint be filed under seal for a minimum of 60 days (without service on Defendants during that time) to allow the Federal Government time to conduct its own investigation and to determine whether to join the suit.

10. Based on the foregoing laws, *qui tam* Plaintiff/Relator seeks through this action to recover all available damages, civil penalties, and other relief for the violations alleged herein in every jurisdiction to which Defendants' misconduct has extended.

## PARTIES

11. Plaintiff/Relator Bryan Quesenberry **("Relator")** is a resident of Utah. He brings this action on behalf of the United States of America, the real party in interest.

12. Defendant AAA Kartak, Co **("Kartak")** is a Washington entity located in Everett, Washington. Kartak applied for PPP funds twice, and was approved for $1 – 2 million on 4/27/2020 and approved for another $1 – 2 million on 6/30/2020. Upon information and belief, this entity received these funds.

13. Defendant BKCO, Inc. **("BKCO")** is a Washington entity located in Bellingham, Washington. BKCO applied for PPP funds twice, and was approved for $2 – 5 million on 4/29/2020 and approved for another $150,000 - $350,000 on 5/1/2020. Upon information and belief, this entity received these funds.

14. Defendant Bradley P. McPhee DDS, PLLC **("McPhee")** is a Washington entity located in University Place, Washington. McPhee applied for PPP funds twice, and was

approved for $150,000 - $350,000 on 5/3/2020 and approved for another $150,000 - $350,000 on 5/16/2020. Upon information and belief, this entity received these funds.

15. Defendant Buchanan Automation, Inc. **("Buchanan")** is a Washington entity located in Snohomish, Washington. Buchanan applied for PPP funds twice, and was approved for $150,000 - $350,000 on 4/13/2020 and approved for another $350,000 – $1 million on 4/14/2020. Upon information and belief, this entity received these funds.

16. Defendant Clearcreek Contractors, Inc. **("Clearcreek")** is a Washington entity located in Everett, Washington. Clearcreek applied for PPP funds twice, and was approved for $150,000 - $350,000 on 4/13/2020 and approved for another $150,000 - $350,000 on 6/30/2020. Upon information and belief, this entity received these funds.

17. Defendant Continuant Tech, Inc. **("Continuant")** is a Washington entity located in Tacoma and/or Fife, Washington. Continuant applied for PPP funds <u>three</u> times, and was approved for $150,000 - $350,000 on 4/11/2020, approved for $150,000 - $350,000 on 4/12/2020, and approved for $1 – 2 million on 4/13/2020. Upon information and belief, this entity received these funds.

18. Defendant Corporation of the Catholic Archbishop of Seattle **("Corporation of the Catholic Archbishop")** is a Washington entity located in Seattle, Snohomish, and/or Chehalis, Washington. Corporation of the Catholic Archbishop applied for PPP funds <u>three</u> times, and was approved for $150,000 - $350,000 on 4/11/2020, approved for $150,000 - $350,000 on 4/14/2020, and approved for $2 – 5 million on 4/15/2020. Upon information and belief, this entity received these funds.

19. Defendant El Borracho, Inc. **("El Borracho")** is a Washington entity located in Seattle, Washington. El Borracho applied for PPP funds <u>three</u> times, and was approved for $150,000 - $350,000 on 4/9/2020, approved for $150,000 - $350,000 on 4/30/2020, and

approved for $150,000 - $350,000 on 5/3/2020. Upon information and belief, this entity received these funds.

20. Defendant Experience US, LLC **("Experience US")** is a Washington entity located in Seattle, Washington. Experience US applied for PPP funds twice, and was approved for $150,000 - $350,000 on 5/1/2020 and approved for another $150,000 - $350,000 on 5/3/2020. Upon information and belief, this entity received these funds.

21. Defendant Fanaco Fasteners, LLC **("Fanaco")** is a Washington entity located in Redmond, Washington. Fanaco applied for PPP funds twice, and was approved for $150,000 - $350,000 on 4/28/2020 and approved for another $150,000 - $350,000 on 4/28/2020. Upon information and belief, this entity received these funds.

22. Defendant Madison Hotel, LLC **("Madison Hotel")** is a Delaware entity located in Seattle, Washington. Madison Hotel applied for PPP funds twice, and was approved for $2 – 5 million on 5/3/2020 and approved for another $2 – 5 million on 5/11/2020. Upon information and belief, this entity received these funds.

23. Defendant Management Information Tools, Inc. **("Management Information")** is a Washington entity located in Seattle, Washington. Management Information applied for PPP funds twice, and was approved for $350,000 - 1 million on 4/30/2020 and approved for another $350,000 - 1 million on 5/1/2020. Upon information and belief, this entity received these funds.

24. Defendant Mark Early Learning Centers, LLC **("Learning Centers")** is a Washington entity located in Bothell, Washington. Learning Centers applied for PPP funds twice, and was approved for $150,000 - $350,000 on 6/30/2020 and approved for another $150,000 -$350,000 on 6/30/2020. Upon information and belief, this entity received these funds.

25. Defendant Olympic Color Rod Corp. **("Olympic")** is a Washington entity located in Seattle, Washington. Olympic applied for PPP funds twice, and was approved for $150,000 -

$350,000 on 4/30/2020 and approved for another $150,000 -$350,000 on 5/3/2020. Upon information and belief, this entity received these funds.

26.     Defendant Pacific Coast Renovations, LLC **("Pacific Coast")** is a Washington entity located in Tacoma, Washington. Pacific Coast applied for PPP funds twice, and was approved for $150,000 - $350,000 on 4/14/2020 and approved for another $150,000 -$350,000 on 4/15/2020. Upon information and belief, this entity received these funds.

27.     Defendant Realogics Brokerage, LLC **("Realogics")** is a Washington entity located in Seattle, Washington. Realogics applied for PPP funds twice, and was approved for $350,000 - $1 million on 4/10/2020 and approved for another $2 – 5 million on 4/11/2020. Upon information and belief, this entity received these funds.

28.     Defendant South Sound Fondue, LLC **("South Sound")** is a Washington entity located in Bellevue, Tacoma, and/or Seattle, Washington. South Sound applied for PPP funds <u>three</u> times, and was approved for $150,000 - $350,000 on 5/3/2020, approved for $150,000 - $350,000 on 5/3/2020, and approved for $150,000 - $350,000 on 5/3/2020. Upon information and belief, this entity received these funds.

29.     Defendant TEM Express Logistics, LLC **("TEM Express")** is a Washington entity located in Redmond and/or Everett, Washington. TEM Express applied for PPP funds twice, and was approved for $350,000 - $1 million on 6/1/2020 and approved for another $350,000 - $1 million on 6/23/2020. Upon information and belief, this entity received these funds.

30.     Defendant Wildfin Northwest, LLC **("Wildfin")** is a Washington entity located in Issaquah, Washington. Wildfin applied for PPP funds twice, and was approved for $150,000 - $350,000 on 4/15/2020 and approved for another $150,000 - $350,000 on 4/15/2020. Upon information and belief, this entity received these funds.

31. Defendant Withinreach **("Withinreach")** is a Washington corporation located in Seattle, Washington. Withinreach applied for PPP funds twice, and was approved for $150,000 - $350,000 on 5/7/2020 and approved for another $350,000 – 1 million on 5/13/2020. Upon information and belief, this entity received these funds.

32. Attached as Exhibit A is a chart summarizing the foregoing entities that applied twice for funds – i.e. the "Double-Dipper" Defendants.

33. Upon information and belief, the following Defendants registered as entities and began operations after 2/15/20 and yet still applied for and received PPP funds.

34. Defendant Elochoman Millwork, Inc., **("Elochoman")** is a Washington entity located in Cathlamet, Washington. Elochoman was registered in Washington on 4/22/2020. Upon information and belief, Elochoman received between $150,000 - $350,000 in PPP funds.

35. Defendant James E. Sypher, LLC **("Sypher")** is a Washington entity located in Sammamish, Washington. Sypher was registered in Washington on 4/30/2020. Upon information and belief, Sypher received between $150,000 - $350,000 in PPP funds.

36. Defendant United Sales NW, LLC **("United Sales")** is a Washington entity located in Vancouver, Washington. United Sales was registered in Washington on 3/11/2020. Upon information and belief, United Sales received between $150,000 - $350,000 in PPP funds.

37. Defendant Weblook, LLC **("Weblook")** is a Washington entity located in Kirkland, Washington. Weblook was registered in Washington on 4/30/2020. Upon information and belief, Weblook received between $150,000 - $350,000 in PPP funds.

38. Below is a chart summarizing the foregoing entities that applied for and received PPP funds and which were registered and began operations after 2/15/20:

| AMOUNT | ENTITY NAME | CITY | APPLICATION DATE |
|---|---|---|---|
| $150,000 - $350,000 | Elochoman Millwork, Inc. | Cathlamet | 4/10/2020 |
| $150,000 - $350,000 | James E. Sypher, LLC | Sammamish | 4/14/2020 |
| $150,000 - $350,000 | United Sales NW, LLC | Vancouver | 5/8/2020 |
| $150,000 - $350,000 | Weblook, LLC | Kirkland | 5/6/2020 |

39. According to the PPP application discussed below, owners of Defendants include partners or members owning 20% or more equity in the company. Upon information and belief, and after further discovery in this matter, Relator anticipates he will need to amend this Complaint to add in such owners or representatives as co-defendants if they were complicit in the fraudulent misrepresentations listed herein.

## JURISDICTION AND VENUE

40. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730. Although this issue is no longer jurisdictional after the 2009 amendments to the FCA, to Realtor's knowledge there has been no statutorily relevant public disclosure of the "allegations or transactions" in this Complaint, as those concepts are used in 31 U.S.C. § 3730(e), as amended by Pub. L. No. 111-148, § 10104(j)(2), 124 Stat. 119, 901-02.

41. Moreover, whether or not such a disclosure has occurred, Relator would qualify as an "original source" of the information on which the allegations or transactions in this Complaint are based. Plaintiff researched and discovered through a records request the pertinent dates of formation and other related entity information of each Defendant.

42. This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) because that section authorizes nationwide service of process and because Defendants are Washington entities.

43. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)-(c) and 31 U.S.C. § 3732(a) because Defendants can be found in and/or transacted business in this district, and because violations of 31 U.S.C. §§ 3729 *et seq*. alleged herein occurred within this district. At all times relevant to this Complaint, Defendants regularly conducted substantial business within this district.

## THE PAYCHECK PROTECTION PROGRAM

44. Congress added sections 1102 and 1106 of the Coronavirus Aid, Relief, and Economic Security Act **("CARES Act")**. Section 1102 contains a new program called the Paycheck Protection Program **("PPP")** and is party of the U.S. Small Business Administration's **("SBA")** 7(a) Loan Program. These two sections are intended to provide economic relief to small businesses nationwide adversely impacted by the coronavirus pandemic and the COVID-19 Emergency Declaration issued by President Trump on March 13, 2020.

45. Due to the COVID-19 emergency, many small businesses nationwide are experiencing economic hardship as a direct result of the Federal, State, and local public health measures that are being taken to minimize the public's exposure to the coronavirus.

46. The SBA received funding and authority through the CARES Act to modify existing loan programs and establish the new PPP loan program to assist small businesses nationwide adversely impacted by the coronavirus pandemic.

47. Section 1102 of the Act temporarily permits SBA to guarantee 100% of 7(a) loans under the PPP. Section 1106 of the CARES Act provides for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

48. The CARES Act was intended to provide relief to America's small businesses expeditiously.

49. The CARES Act gives lenders delegated authority to process loan applications for PPP funding. SBA allowed lenders to rely on certifications of the borrowers in order to determine eligibility of the borrower and use of loan proceeds, and to rely on specified documents provided by the borrower to determine qualifying loan amount, and eligibility for loan forgiveness. Lenders are held harmless for borrowers' failures to comply with PPP rules.

50. One critical PPP rule is that the borrower be in operation on **February 15, 2020** and either have employees for whom it paid salaries and payroll taxes or paid independent contractors.

51. Borrowers had to submit documentation necessary to establish eligibility such as payroll processor records, payroll tax filings, form 1099s, income and expenses documentation.

52. In general, Borrowers calculated an amount to borrow by aggregating payroll costs from the previous 12 months for employees whose principal place of residence is the United States. Annual employee salaries are capped at $100,000. The borrower then calculated the average monthly payroll cost and multiplied that amount by a factor of 2.5.

53. On the PPP application, a representative of the borrower applying for PPP funds had to certify in good faith to a number of representations to the Federal Government. The very first certification on the application states, "The Applicant was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC."

54. The next certification on the Application states, "Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant."

55.  Applicants also "further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects."

56.  Finally, all Applicants certify that they "understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000."

## ALLEGATIONS

57.  Relator searched the Washington Secretary of State's list of entities seeking the names and other related information of all Washington entities formed after February 15, 2020.

58.  In response, Relator obtained information identifying approximately 27,604 Washington entities formed between February 15, 2020 and June 30, 2020.

59.  Washington-based entities who applied for and received at least $150,000 in PPP funds totaled approximately 15,849.

60.  Relator then reviewed entities that were registered after February 15, 2020 that also applied for and received PPP funds.

61.  Some Defendants were formed and became active after February 15, 2020 – and thus were not in operation on February 15, 2020.

62.  Furthermore, upon information and belief, because said Defendants were registered after February 15, 2020, they could not have payroll expenses prior to February 15, 2020.

63. Regarding the "Double Dipper" Defendants, they each certified on their PPP applications that "[d]uring the period beginning on February 15, 2020 and ending on December 31, 2020, the Applicant has not and will not receive another loan under the Paycheck Protection Program."

64. Defendants thus made material misrepresentations on their applications for PPP funds, knowing lenders and the Federal Government would rely on said representations in paying PPP funds to Defendants.

65. Relator reserves the right to amend this Complaint and expand these allegations upon review of the actual applications and supporting documentation submitted by Defendants.

## False Claims Act

## 31 U.S.C. § 3729(a)(1)(A)-(B)

66. Relator realleges and incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

67. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, as amended.

68. By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the United States Government, or authorized agent of the United States Government, for payment or approval.

69. By virtue of the acts described above, Defendants knowingly made or used, or caused to be made or used, false or fraudulent records or statements material to false or fraudulent claims for payment by the Government.

70. Relator cannot at this time identify all of the false claims for payment that were caused by Defendants' conduct. The false claims were presented to third party lending

institutions. Relator does not have access to the records of all such false or fraudulent statements or claims.

71. Lenders, acting on behalf of the Federal Government, were guaranteed 100% of the PPP loans. Said lenders were unaware of the falsity of the records, statements, and claims made or caused to be made by Defendants. Said lenders paid the claims that would not be paid but for Defendants' illegal conduct.

72. By reason of Defendants' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

73. Additionally, the United States is entitled to the maximum penalty of up to $11,000 for each and every violation arising from Defendants' unlawful conduct alleged herein.

## **PRAYER**

WHEREFORE, *qui tam* Plaintiff/Relator prays for judgment against each Defendant as follows:

1. That this Court enter judgment against each Defendant in an amount equal to three times the damages the United Sates has sustained because of Defendant's actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. § 3729;
2. That Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);
3. That Relator be awarded all costs of this action, including attorney's fees and expenses; and
4. That Relator recover such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Dated: 8/6/2020           Respectfully submitted,

/s/ *Robert C. Bulloch*
Robert C. Bulloch
*Counsel for Relator*

# EXHIBIT A

| AMOUNT | ENTITY | CITY | APPLICATION DATE |
|---|---|---|---|
| $1 – 2 million | AAA Kartak, Co. | Everett | 4/27/2020 |
| $1 – 2 million | AAA Kartax, Co. | Everett | 6/30/2020 |
| | | | |
| $2 – 5 million | BKCO, Inc. | Bellingham | 4/29/2020 |
| $150,000-$350,000 | BKCO, Inc. | Bellingham | 5/1/2020 |
| | | | |
| $150,000-$350,000 | Bradley McPhee DDS, PLLC | University Pl. | 5/3/2020 |
| $150,000-$350,000 | Bradley McPhee DDS, PLLC | University Pl. | 5/16/2020 |
| | | | |
| $150,000-$350,000 | Buchanan Automation, Inc. | Snohomish | 4/13/2020 |
| $350,000-1 million | Buchanan Automation, Inc. | Snohomish | 4/14/2020 |
| | | | |
| $150,000-$350,000 | Clearcreek Contractors, Inc. | Everett | 4/13/2020 |
| $150,000-$350,000 | Clearcreek Contractors, Inc. | Everett | 6/30/2020 |
| | | | |
| $150,000-$350,000 | Continuant Tech, Inc. | Fife | 4/11/2020 |
| $150,000-$350,000 | Continuant Tech, Inc. | Fife | 4/12/2020 |
| $1 – 2 million | Continuant Tech, Inc. | Tacoma | 4/13/2020 |
| | | | |
| $150,000-$350,000 | Corp. of the Catholic Archbishop | Chehalis | 4/11/2020 |
| $150,000-$350,000 | Corp. of the Catholic Archbishop | Snohomish | 4/14/2020 |
| $2 – 5 million | Corp. of the Catholic Archbishop | Tacoma | 4/15/2020 |
| | | | |
| $150,000-$350,000 | El Boracho, Inc. | Seattle | 4/9/2020 |
| $150,000-$350,000 | El Boracho, Inc. | Seattle | 4/30/2020 |
| $150,000-$350,000 | El Boracho, Inc. | Seattle | 5/3/2020 |
| | | | |
| $150,000-$350,000 | Experience US, LLC | Seattle | 5/1/2020 |
| $150,000-$350,000 | Experience US, LLC | Seattle | 5/3/2020 |
| | | | |
| $150,000-$350,000 | Fanaco Fasteners, LLC | Redmond | 4/28/2020 |
| $150,000-$350,000 | Fanaco Fasteners, LLC | Redmond | 4/28/2020 |
| | | | |
| $2 – 5 million | Madison Hotel, LLC | Seattle | 4/30/2020 |
| $2 – 5 million | Madison Hotel, LLC | Seattle | 5/1/2020 |
| | | | |
| $350,000-1 million | Management Info. Tools, Inc. | Seattle | 4/30/2020 |
| $350,000-1 million | Management Info. Tools, Inc. | Seattle | 5/1/2020 |
| | | | |
| $150,000-$350,000 | Mark Early Learning Ctrs, LLC | Bothell | 6/30/2020 |
| $150,000-$350,000 | Mark Early Learning Ctrs, LLC | Bothell | 6/30/2020 |
| | | | |
| $150,000-$350,000 | Olympic Color Rod Corp. | Seattle | 4/30/2020 |
| $150,000-$350,000 | Olympic Color Rod Corp. | Seattle | 5/3/2020 |
| | | | |
| $150,000-$350,000 | Pacific Coast Renovations, LLC | Tacoma | 4/14/2020 |
| $150,000-$350,000 | Pacific Coast Renovations, LLC | Tacoma | 4/15/2020 |

17

|  |  |  |  |
|---|---|---|---|
| $350,000-1 million | Realogics Brokerage, LLC | Seattle | 4/10/2020 |
| $2 – 5 million | Realogics Brokerage, LLC | Seattle | 4/11/2020 |
|  |  |  |  |
| $150,000-$350,000 | South Sound Fondue, LLC | Bellevue | 5/3/2020 |
| $150,000-$350,000 | South Sound Fondue, LLC | Tacoma | 5/3/2020 |
| $150,000-$350,000 | South Sound Fondue, LLC | Seattle | 5/3/2020 |
|  |  |  |  |
| $350,000-1 million | TEM Express Logistics, LLC | Redmond | 6/1/2020 |
| $350,000-1 million | TEM Express Logistics, LLC | Everett | 6/23/2020 |
|  |  |  |  |
| $150,000-$350,000 | Wildfin Northwest, LLC | Issaquah | 4/15/2020 |
| $150,000-$350,000 | Wildfin Northwest, LLC | Issaquah | 4/15/2020 |
|  |  |  |  |
| $150,000-$350,000 | Withinreach | Seattle | 5/7/2020 |
| $350,000-1 million | Withinreach | Seattle | 5/13/2020 |